IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CLARENCE CLIFTON,<br>    Plaintiff,<br><br>v.<br><br>JOHN AND JANE DOES, *et al.*,<br>    Defendants. | Case No. 4:25-cv-04031-JEH |

**Order**

    Plaintiff Clarence Clifton, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill Correctional Center. (Doc. 13). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

I

    On March 5, 2023, Plaintiff alleges other inmates in segregation flooded their cells, causing Plaintiff's cell (cell #13) to flood with toilet water and urine. Plaintiff

alleges he asked an unidentified segreant and correctional officer who worked the 3:00 p.m. to 11:00 p.m. shift if they could clean his cell, but they refused. Plaintiff then asked them for "some chemicals" to clean his cell, but they told Plaintiff they do not give out chemicals. (Doc. 13 at p. 1). They allegedly left Plaintiff in the flooded cell for approximately six hours.

At approximately 9:00 p.m., Plaintiff alleges he asked the unidentified segreant for a dry towel. As Plaintiff attempted to use the towel to wipe up the water and urine, he slipped and fell, injuring his left hand and back. Plaintiff asked the unidentified sergeant and correctional officer for emergency medical attention, showed them his swollen hand at different times as they performed their cell checks, and informed them his back pain was "vicious." *Id.* at p. 2. Plaintiff alleges they did not provide medical care and told him to wait for the nurse to come during medication pass.

When an unidentified nurse arrived for medication pass, Plaintiff told her about his slip and fall, his injured hand, and rated his back pain an 8 out of 10. She examined his hand and remarked that it looked red and swollen. Plaintiff alleges he could barely move his hand. Plaintiff claims the nurse did not provide any medical care and advised him to put in for a nurse sick call.

Plaintiff also complains about the conditions of his segregation cell. Plaintiff states there is dust, dirt, and mold in the vents, scum and rust on the sink and toilet, and the window does not open for fresh air. Plaintiff alleges he has asthma and had to use his asthma pump every day while housed in cell #13.

II

"Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). "Prisoners are, however, entitled to 'the minimal civilized measure

2

of life's necessities.'" *Dixon*, 114 F.3d at 642 (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoted citations omitted). In a claim related to inhumane conditions of confinement, a plaintiff must establish an objective and subjective component. "To satisfy the objective component, a plaintiff must show that the deprivation alleged is 'objectively, sufficiently serious.' Specifically, the plaintiff must show that 'the prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities." *Staggs v. Hollenbeck*, 248 F.3d 1159 (7th Cir. 2000) (internal quotation marks and citations omitted). To establish the subjective component, a plaintiff must show that a defendant was deliberately indifferent, "that the official knew about the risk of harm, had the ability to prevent the harm, and failed to do so." *Williams v. Schmidt*, No. 14-487, 2019 WL 1046167, at *1 (W.D. Wis. Mar. 5, 2019) (citing *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009)).

Here, Plaintiff alleges his cell was flooded with water and urine for hours on March 5, 2023, and an unidentified correctional officer and segreant refused to give him cleaning supplies. When Plaintiff attempted to use a towel to mop up some of the liquid, he slipped and fell and injured his left hand and back. The Court finds that Plaintiff adequately alleged the conditions he faced were objectively serious and that the correctional officer and segreant were aware of the conditions but failed to take action. Therefore, Plaintiff may proceed on an Eighth Amendment conditions-of-confinement claim against Sergeant John/Jane Doe and Correctional Officer John/Jane Doe.

Plaintiff's Amended Complaint also raises a plausible deliberate indifference claim against the Doe Defendants and the unidentified nurse. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective

component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837). Based on his allegations, the Court finds that Plaintiff has alleged an Eighth Amendment deliberate indifference claim against Segreant John/Jane Doe, Correctional Officer John/Jane Doe, and Nurse Jane Doe for allegedly failing to provide medical treatment or pain medication for his hand and back injuries on March 5, 2023.

Plaintiff is advised that unidentified Doe Defendants cannot be served. As a result, Warden Tyrone Baker will be named as a Defendant, in his official capacity, for the sole purpose of assisting Plaintiff in the identification of the Doe Defendants. Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify the Doe Defendants. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

Finally, Plaintiff complains about the unsanitary conditions of his segregation cell. Plaintiff does not allege who he informed of these conditions or

if he asked for cleaning supplies. It also appears this claim would not be properly joined with his claims against the Doe Defendants regarding the events of March 5, 2023. *See* Fed. R. Civ. P. 18, 20. This claim is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment conditions-of-confinement claim against Defendants Sergeant John/Jane Doe and Correctional Officer John/Jane Doe and an Eighth Amendment deliberate indifference claim against Defendants Sergeant John/Jane Doe, Correctional Officer John/Jane Doe, and Nurse Jane Doe, as stated above. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants John and Jane Does (Doctors at Hill C.C.) are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and § 1915A. The Clerk is DIRECTED to terminate Defendants John and Jane Does (Doctors at Hill C.C.).

3) The Clerk is DIRECTED to add John/Jane Doe (Sergeant) as a Defendant and to change "John and Jane Does (Nurses)" to "Jane Doe (Nurse)" and "John and Jane Does Correctional Officers" to "John/Jane Doe (Correctional Officer)."

4) Plaintiff is advised that unidentified Doe Defendants cannot be served. As a result, Tyrone Baker, the Warden of Hill Correctional Center, will be named as a Defendant, in his official capacity, for the sole purpose of assisting Plaintiff in the identification of the Doe Defendants. The Clerk is DIRECTED to

add Warden Tyrone Baker as a Defendant. After the Doe Defendants have been identified, the Warden may move to be dismissed. Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify the Doe Defendants. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant

has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

    8)    If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    9)    This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    10)    Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

    11)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: May 20, 2025

s/Jonathan E. Hawley
U.S. District Judge